# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| CONTROLSOFT, INC., | )   Case No. 1:22-CV-02004-DAP |
| | ) |
| Plaintiff, | ) |
| | )   Honorable Dan Aaron Polster |
| vs. | ) |
| | )   Magistrate Judge Jonathan D. Greenberg |
| THE DOW CHEMICAL COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S PARTIAL ANSWER TO COMPLAINT

Defendant The Dow Chemical Company ("Dow"), by and through its undersigned counsel, answers Plaintiff ControlSoft, Inc.'s ("ControlSoft") Complaint (the "Complaint"), dated November 7, 2022, as follows:

**NATURE OF THE CASE AND BACKGROUND**

1.      Dow states that the allegations set forth in Paragraph 1 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent a response is necessary, denies the same.

2.      Dow denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 2 of the Complaint, except admits that "APC" is an industry term standing for "Advanced Process Control" and that MANTRA is an APC system for controlling industrial manufacturing facilities.

3.      Dow denies the allegations set forth in Paragraph 3 of the Complaint, except admits that Dow licensed ControlSoft's MANTRA software in Dow-owned plants and plants owned by licensees of certain Dow technology, and states that ControlSoft and Dow's contracts speak for themselves.

4.      Dow denies the allegations set forth in Paragraph 4 of the Complaint, except admits that Dow and ControlSoft worked together on projects for Dow beginning in 2002, and that Dow and ControlSoft's agreements speak for themselves.

5.      Dow states that the allegations set forth in Paragraph 5 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same.

**PARTIES**

6.      Dow admits the allegations set forth in Paragraph 6 of the Complaint.

7.      Dow admits the allegations set forth in Paragraph 7 of the Complaint.

**JURISDICTION AND VENUE**

8.      Dow states that the allegations set forth in Paragraph 8 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies knowledge and information to form a belief as to the same, except admits that there is diversity of citizenship among the parties.

9.      Dow states that the allegations set forth in Paragraph 9 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, admits that this Court has subject matter jurisdiction over the copyright claim pursuant to 28 U.S.C. § 1338(a).

10.      Dow states that the allegations set forth in Paragraph 10 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, admits that this Court has subject matter jurisdiction as to the trade secret misappropriation claim arising under 18 U.S.C. § 1836 *et seq.*

11.      Dow states that the allegations set forth in Paragraph 11 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same.

12.      Dow states that the allegations set forth in Paragraph 12 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same.

13.      Dow states that the allegations set forth in Paragraph 13 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a

2

response is required, denies the same, except admits, for purposes of this action only, that it is subject to personal jurisdiction in this District, that it conducts certain business activities within the state of Ohio and the Northern District of Ohio, and that it has a physical office in Dayton, Ohio.

14.    Dow states that the allegations set forth in Paragraph 14 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, admits, for purposes of this action only, that venue in this District is not improper.

## FACTUAL ALLEGATIONS

15.    Dow denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 15 of the Complaint, except admits that ControlSoft is an Ohio-based technology company.

16.    Dow admits the allegations set forth in Paragraph 16 of the Complaint.

17.    Dow denies the allegations set forth in Paragraph 17 of the Complaint, except admits that Univation is a wholly owned subsidiary of Dow, and that Univation licenses Dow's UNIPOL technology and provides certain support services to third parties.

18.    Dow denies the allegations set forth in Paragraph 18 of the Complaint, except admits that Atlas Prediction Control ("Atlas") is a third-party that provides certain engineering and consulting services relating to Advanced Process Control systems for the chemical industry, and that Dow has retained Atlas to perform certain services relating to the deployment and maintenance of Syrinx at UNIPOL licensee facilities.

19.    Dow denies the allegations set forth in Paragraph 19 of the Complaint, except admits that MANTRA is one of ControlSoft's software products, and that MANTRA is an APC system for controlling industrial facilities.

20.    Dow denies knowledge or information sufficient to form a belief about the truth of

the allegations set forth in Paragraph 20 of the Complaint.

21.     Dow denies the allegations set forth in Paragraph 21 of the Complaint, except Dow admits that Dow and ControlSoft entered into agreements, including a December 31, 2001 Master Project Services Agreement and a 2002 Statement of Work agreement in which ControlSoft agreed to provide Dow licenses of the MANTRA system, and that UNIPOL is a proprietary Dow process for manufacturing polyethylene and polypropylene plastics.

22.     Dow denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 22 of the Complaint, except states that Exhibit A to the Complaint speaks for itself.

23.     Dow states that the allegations set forth in Paragraph 23 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same.

24.     Dow states that the allegations set forth in Paragraph 24 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same, except states that Exhibit A speaks for itself.

25.     Dow states that the allegations set forth in Paragraph 25 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same, except states that Exhibit A speaks for itself.

26.     Dow states that the allegations set forth in Paragraph 26 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same, except states that Exhibit A speaks for itself.

27.     Dow states that the allegations set forth in Paragraph 27 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a

response is required, denies the same, except states that Exhibit A speaks for itself.

28.     Dow denies the allegations set forth in Paragraph 28 of the Complaint, except admits that Dow developed, had, and has its own suite of APC software for the UNIPOL process, and desired to migrate that functionality to the Windows NT environment.

29.     Dow denies the allegations set forth in Paragraph 29 of the Complaint, except admits that MANTRA ran on Windows NT, that Dow's own APC routines needed to be converted to dynamic link libraries ("DLLs") when converting to the MANTRA environment, that Dow provided assistance and information to ControlSoft in development of all APC module sets, including information and data structure of data files used by the APC functions.

30.     Dow denies the allegations set forth in Paragraph 30 of the Complaint, except states that the documents identified in Paragraph 30 speak for themselves.

31.     Dow states that Exhibit B to the Complaint speaks for itself.

32.     Dow states that Exhibit C to the Complaint speaks for itself.

33.     Dow states that Exhibit D to the Complaint speaks for itself.

34.     Dow denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 34 of the Complaint, except states that Exhibit C speaks for itself.

35.     Dow denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 35 of the Complaint, except states that Exhibit C speaks for itself.

36.     Dow states that the allegations set forth in Paragraph 36 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies knowledge or information sufficient to form a belief about the truth of the same, except states that Exhibit C speaks for itself.

37.     Dow states that the allegations set forth in Paragraph 37 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a

response is required, denies the same, except states that the document identified in Paragraph 37 speaks for itself.

38.     Dow states that the allegations set forth in Paragraph 38 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same, except states that Exhibit B speaks for itself.

39.     Dow states that the allegations set forth in Paragraph 39 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same, except states that Exhibit B speaks for itself.

40.     Dow states that the allegations set forth in Paragraph 40 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same, except states that Exhibit B speaks for itself.

41.     Dow states that the allegations set forth in Paragraph 41 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies the same, except states that Exhibit C speaks for itself.

42.     Dow states that the allegations set forth in Paragraph 42 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, denies knowledge or information sufficient to form a belief about the truth of the same, except states that the EULA speaks for itself.

43.     Dow denies the allegations set forth in Paragraph 43 of the Complaint, except states that the documents identified in Paragraph 43 speak for themselves.

44.     Dow states that Exhibit D speaks for itself.

45.     Dow states that the allegations set forth in Paragraph 45 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a

6

response is required, states that Exhibit D speaks for itself.

46.     Dow states that the allegations set forth in Paragraph 46 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but to the extent that a response is required, states that Exhibit D speaks for itself.

47.     Dow states that the allegations set forth in Paragraph 47 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that Exhibit D speaks for itself.

48.     Dow states that the allegations set forth in Paragraph 48 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

49.     Dow denies the allegations set forth in Paragraph 49 to the Complaint.

50.     Dow denies the allegations set forth in Paragraph 50 of the Complaint, except admits that at least by January 2017, Dow and Dan Thomas had informed ControlSoft that Dow was developing another APC called Syrinx, which would replace MANTRA, including with the assistance of ControlSoft contractors assigned to Dow.

51.     Dow denies the allegations set forth in Paragraph 51 of the Complaint, except admits that it began development work on Syrinx before January 2017, as was known to ControlSoft.

52.     Dow denies the allegations set forth in Paragraph 52 of the Complaint, except admits that Dow developed Syrinx as a replacement for MANTRA.

53.     Dow denies the allegations set forth in Paragraph 53 of the Complaint, except admits that at least by February **2017** (not 2019 as ControlSoft alleges), Dow had informed ControlSoft that it planned to deploy Syrinx as the advanced control platform in all Dow plants that

are currently running versions of MANTRA.

54.    Dow denies the allegations set forth in Paragraph 54 of the Complaint.

55.    Dow denies the allegations set forth in Paragraph 55 of the Complaint.

56.    Dow denies the allegations set forth in Paragraph 56 of the Complaint.

57.    Dow denies the allegations set forth in Paragraph 57 of the Complaint.

58.    Dow denies the allegations set forth in Paragraph 58 of the Complaint.

59.    Dow denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 59 of the Complaint.

60.    Dow states that the allegations set forth in Paragraph 60 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that Dow denies the same.

61.    Dow denies knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 61 of the Complaint.

62.    Dow denies the allegations set forth in Paragraph 62 of the Complaint.

63.    Dow states that the allegations set forth in Paragraph 63 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

64.    Dow states that the allegations set forth in Paragraph 64 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

65.    Dow denies the allegations set forth in Paragraph 65 of the Complaint, except admits that Univation has installed Syrinx in facilities operated by third-party licensees of Dow's UNIPOL process, and that prior to the development of Syrinx, Univation had installed MANTRA

in licensee manufacturing facilities.

66.      Dow states that the allegations set forth in Paragraph 66 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

## COUNT I - BREACH OF CONTRACT (EULA)

67.      Dow incorporates by reference, repeats, and restates each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

68.      Dow states that the allegations set forth in Paragraph 68 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

69.      Dow states that the allegations set forth in Paragraph 69 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, Dow states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

70.      Dow states that the allegations set forth in Paragraph 70 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

71.      Dow states that the allegations set forth in Paragraph 71 to the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

## COUNT II - BREACH OF CONTRACT (NDA)

72.      Dow incorporates by reference, repeats, and restates each and every response to the

preceding paragraphs of the Complaint as if fully set forth herein.

73.     Dow states that the allegations set forth in Paragraph 73 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

74.     Dow states that the allegations set forth in Paragraph 74 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies knowledge or information sufficient to form a belief about the truth of the same.

75.     Dow states that the allegations set forth in Paragraph 75 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

76.     Dow states that the allegations set forth in Paragraph 76 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

77.     Dow states that the allegations set forth in Paragraph 77 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

### COUNT III – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF OHIO UNIFORM TRADE SECRETS ACT, OHIO REV. CODE § 1333.61 *ET SEQ.*

78.     Dow incorporates by reference, repeats, and restates each and every response to the

preceding paragraphs of the Complaint as if fully set forth herein.

79.      Dow states that the allegations set forth in Paragraph 79 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that Dow denies knowledge or information sufficient to form a belief about the truth of the same, which are also subject to Dow's motion to dismiss, and that Dow therefore denies the same.

80.      Dow states that the allegations set forth in Paragraph 80 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

81.      Dow states that the allegations set forth in Paragraph 81 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

82.      Dow states that the allegations set forth in Paragraph 82 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

83.      Dow states that the allegations set forth in Paragraph 83 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

84.      Dow states that the allegations set forth in Paragraph 84 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any

response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

85.     Dow states that the allegations set forth in Paragraph 85 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

86.     Dow states that the allegations set forth in Paragraph 86 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

87.     Dow states that the allegations set forth in Paragraph 87 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

88.     Dow states that the allegations set forth in Paragraph 88 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

89.     Dow states that the allegations set forth in Paragraph 89 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

90.     Dow states that the allegations set forth in Paragraph 90 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any

response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

91.     Dow states that the allegations set forth in Paragraph 91 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

92.     Dow states that the allegations set forth in Paragraph 92 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, Dow denies the same.

93.     Dow states that the allegations set forth in Paragraph 93 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, Dow denies the same.

94.     Dow states that the allegations set forth in Paragraph 94 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, Dow denies the same.

## COUNT IV – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF DEFEND TRADE SECRETS ACT, 18 U.S.C. § 1836 *ET SEQ.*

95.     Dow incorporates by reference, repeats, and restates each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

96.     Dow states that the allegations set forth in Paragraph 96 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

97.     Dow states that the allegations set forth in Paragraph 97 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any

response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

98.     Dow states that the allegations set forth in Paragraph 98 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

99.     Dow states that the allegations set forth in Paragraph 99 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

100.     Dow states that the allegations set forth in Paragraph 100 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

101.     Dow denies the allegations set forth in Paragraph 101 of the Complaint.

### COUNT V - DIRECT COPYRIGHT INFRINGEMENT BY DOW

102.     Dow incorporates by reference, repeats, and restates each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

103.      Dow states that the allegations set forth in Paragraph 103 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies knowledge or information sufficient to form a belief about the truth of the same.

104.     Dow states that the allegations set forth in Paragraph 104 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any

14

response is required, denies knowledge or information sufficient to form a belief about the truth of the same, and states that the copyright registrations speak for themselves.

105.    Dow states that the allegations set forth in Paragraph 105 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies knowledge or information sufficient to form a belief about the truth of the same regarding what works ControlSoft registered with the Copyright Office.

106.    Dow states that the allegations set forth in Paragraph 106 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

107.    Dow states that the allegations set forth in Paragraph 107 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

108.    Dow states that the allegations set forth in Paragraph 108 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

109.    Dow states that the allegations set forth in Paragraph 109 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies knowledge or information sufficient to form a belief about the truth of the same.

110.    Dow states that the allegations set forth in Paragraph 110 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

111.    Dow states that the allegations set forth in Paragraph 111 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any

response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

112.    Dow states that the allegations set forth in Paragraph 112 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

113.    Dow states that the allegations set forth in Paragraph 113 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, Dow denies the same.

### COUNT VI – CONTRIBUTORY COPYRIGHT INFRINGEMENT BY DOW

114.    Dow incorporates by reference, repeats, and restates each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

115.    Dow states that the allegations set forth in Paragraph 115 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

116.    Dow states that the allegations set forth in Paragraph 116 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

117.    Dow states that the allegations set forth in Paragraph 117 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

118.    Dow states that the allegations set forth in Paragraph 118 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

119.    Dow states that the allegations set forth in Paragraph 119 of the Complaint are

conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, denies the same.

## COUNT VII – UNJUST ENRICHMENT

120.    Dow incorporates by reference, repeats, and restates each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

121.    Dow states that the allegations set forth in Paragraph 121 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

122.    Dow states that the allegations set forth in Paragraph 122 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

123.    Dow states that the allegations set forth in Paragraph 123 of the Complaint are conclusions of law as to which no responsive pleading is necessary, but that to the extent that any response is required, states that the same are subject to Dow's motion to dismiss and that Dow denies the same.

## GENERAL DENIAL

Dow further denies each and every allegation contained in ControlSoft's Complaint to which Dow has not specifically admitted, denied, or otherwise responded to herein.

## DOW'S AFFIRMATIVE DEFENSES

Subject to its response above, and upon information and belief, Dow alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are

denominated herein.  In addition to the affirmative defenses described below, subject to its responses above, Dow specifically reserves all rights to allege additional affirmative defenses pursuant to any scheduling order or that may otherwise be lawfully asserted in this action for any reason, including those that become known through the course of discovery or further investigation.

**FIRST DEFENSE**
**(FAILURE TO STATE A CLAIM)**

1.      ControlSoft has failed to state a claim upon which relief may be granted.  In particular, ControlSoft's claims of trade secret misappropriation fail because ControlSoft does not identify anything in the Complaint that could be a trade secret misappropriated by Dow.  In addition, ControlSoft did not adequately protect what it now claims are its alleged trade secrets.

**SECOND DEFENSE**
**(WAIVER, ACQUIESCENCE, ESTOPPEL)**

2.      ControlSoft's claims are barred, in whole or in part, by one or more of the doctrines of waiver, acquiescence, and estoppel.

**THIRD DEFENSE**
**(STATUTE OF LIMITATIONS)**

3.      ControlSoft's claims are barred, in whole or in part, by the applicable statutes of limitations.  ControlSoft knew or should have known about the acts it complains of years before the statute of limitations ran for at least its claims under the Copyright Act, Defend Trade Secrets Act, and the Ohio Uniform Trade Secrets Act.

**FOURTH DEFENSE**
**(LACHES/DELAY)**

4.      ControlSoft is barred, in whole or in part, from any recovery against Dow by reason of the doctrine of laches/delay.

**FIFTH DEFENSE**
**(PREEMPTION)**

5.      ControlSoft's claims are barred, in whole or in part, by the doctrine of preemption.

## SIXTH DEFENSE
## (AUTHORIZATION/RATIFICATION/LICENSE)

6.      ControlSoft's claims are barred, in whole or in part, by the doctrines of

authorization, ratification, and/or license.

## SEVENTH DEFENSE
## (MERGER/*SCÈNES À FAIRE*)

7.      ControlSoft's claims are barred, in whole or in part, by the doctrines of merger

and/or *scènes à faire*.

## EIGHTH DEFENSE
## (COPYRIGHT FAIR USE)

8.      ControlSoft's claims are barred, in whole or in part, by the doctrine of fair use.

## NINTH DEFENSE
## (UNCLEAN HANDS)

9.      ControlSoft's claims are barred, in whole or in part, by the doctrine of unclean

hands.

## TENTH DEFENSE
## (LACK OF JURISDICTION)

10.      ControlSoft's claims are barred, in whole or in part, by lack of jurisdiction over

some of Plaintiff's claims.  To the extent the Court dismisses the misappropriation of trade secrets

under the Defend Trade Secrets Act, the direct copyright infringement, and the contributory

copyright infringement claims, the Court may and should decline to assert jurisdiction over the

remaining breach of contract, misappropriation of trade secrets under the Ohio Uniform Trade

Secrets Act, and unjust enrichment claims.

## ELEVENTH DEFENSE
## (FAILURE TO MITIGATE)

11.      ControlSoft's damages are barred, in whole or in part, for the failure to mitigate any

19

damages that it allegedly sustained that could have been avoided.

## TWELFTH DEFENSE
## (VOLUNTARY CONVEYANCE)

12.      ControlSoft's claims are barred, in whole or in part, because ControlSoft provided

Dow any alleged proprietary information and technology at issue.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Dow respectfully seeks the following relief:

A.      That the Court enter judgment in Dow's favor;

B.      That ControlSoft take nothing by its Complaint and that its claims against

Dow be dismissed with prejudice;

C.      That judgment be entered finding that Dow has not breached any valid and

enforceable contract with ControlSoft;

D.      That judgment be entered finding that Dow has not misappropriated any

alleged ControlSoft trade secret;

E.      That judgment be entered finding that Dow has not directly or contributorily

infringed any copyrights in the asserted works held by ControlSoft;

F.      That judgment be entered finding that Dow has not been unjustly enriched;

G.      That judgment be entered finding that ControlSoft has suffered no

compensable damages;

H.      That an order be entered declaring that Dow is the prevailing party and

awarding Dow its costs, expenses, disbursements, and reasonable attorneys'

fees under 17 U.S.C. § 505, 18 U.S.C. § 1836, Federal Rule 54, and all other

applicable statutes, rules, and common law;

I.      That Dow be granted such other and additional relief as this Court deems

just and proper.

Dow denies that ControlSoft is entitled to any of the relief requested in its Prayer for Relief against Dow.

**<u>DEMAND FOR JURY TRIAL</u>**

In accordance with Federal Rule of Civil Procedure 38, Dow respectfully demands a jury on all issues triable to a jury in this action.

Date: January 12, 2023

Respectfully submitted,

By: */s/ James D. Robenalt*
James D. Robenalt (No. 22165)
Jim.Robenalt@ThompsonHine.com
Amanda M. Miller (No. 84488)
Amanda.Miller@ThompsonHine.com
Matthew D. Ridings (No. 79402)
Matt.Ridings@ThompsonHine.com
Brenna Fasko (No. 84897)
Brenna.Fasko@ThompsonHine.com
Thompson Hine LLP
3900 Key Center, 127 Public Square
Cleveland, Ohio 44114
T: 216.566.5500
F: 216.566.5800

Adam R. Alper (*pro hac vice* forthcoming)
adam.alper@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile: (415) 439-1500

Michael W. De Vries (*pro hac vice* forthcoming)
michael.devries@kirkland.com
Christopher Lawless (*pro hac vice* forthcoming)
christopher.lawless@kirkland.com
KIRKLAND & ELLIS LLP
555 S. Flower Street
Los Angeles, CA 90071
Telephone: (213) 680-8400

21

Facsimile: (213) 680-8500

Joshua L. Simmons (*pro hac vice* forthcoming)
joshua.simmons@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Yungmoon Chang (*pro hac vice* forthcoming)
yungmoon.chang@kirkland.com
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4359
Facsimile: (310) 552-5900

*Attorneys for Defendant The Dow Chemical*
*Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who have appeared electronically in this case are deemed to have consented to electronic service and are being served on January 12, 2023 with a copy of this document via the Court's CM/ECF system.

*/s/ James D. Robenalt*
*One of the Attorneys for*
*The Dow Chemical Company*