UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| CONTROLSOFT, INC., | ) | CASE NO.   1:22-CV-2004 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| THE DOW CHEMICAL COMPANY, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |


**INTRODUCTION**

Before the Court is a Report and Recommendation (R&R) from United States

Magistrate Judge Jonathan D. Greenberg (R. 82 sealed) recommending that Plaintiff's motion

for sanctions (R. 48, R. 49) be granted in part and denied in part. Plaintiff has objected to the

R&R (R. 84 sealed), to which Defendant has responded (R. 90 sealed). Defendant also has

objected to the R&R (R. 85 sealed), to which Plaintiff has responded (R. 92 sealed). The

Magistrate Judge filed the R&R under seal because it addressed detailed discovery subject to a

protective order. Plaintiff has moved to unseal the R&R or, alternatively, to redact and reissue

it. R. 83. Defendant filed an opposition. R. 89.[1]

---

[1] Also pending is Defendant's motion to strike the Declaration of John Parrish, or alternatively
to subpoena John Parrish for documents and a deposition. R. 54, R. 55 (sealed). Plaintiff has
opposed that motion. R. 62. As explained herein, and consistent with the R&R's
recommendation, Defendant's motion (R. 54, R. 55) to strike the declaration of John Parrish or
alternatively to subpoena him for documents and a deposition is DENIED as MOOT. Defendant

The R&R

The Court referred Plaintiff's motion for sanctions (R. 48, 49) to the Magistrate Judge for an R&R. Plaintiff's motion moved the Court to: (a) strike Defendant's statute of limitations defense; (b) exclude the expert report of Dr. Thomas Edgar who offered an opinion as to Defendant's statute of limitations defense; (c) prohibit Defendant from offering any evidence regarding Plaintiff's constructive knowledge of Syrinx's technical development; and (d) award Plaintiff costs and fees incurred as a result of Defendant's "deceptive" tactics in discovery. (R. 82, PageID#: 2793).[2]

The R&R addressed claims that Defendant made false statements about its efforts to collect and produce its confidentiality policies and false statements about it search for ControlSoft contractors' confidentiality agreements. *Id*. After an extensive (25 page) review of the relevant law and facts of this matter, the R&R determined that Dow had not conducted a reasonable search for these records, which supports a finding of willfulness and bad faith, and so further supports the imposition of sanctions. *Id*., Page ID#: 2807.

Next, the R&R found that the Defendant had not conducted a reasonable search for contractor confidentiality agreements. *Id.*, Page ID#: 2808-2812. The R&R recommended that

---

has also moved to strike portions of the declaration of Joshua Weaver and again to strike the Declaration of John Parrish. R. 103, 104 (sealed). Plaintiff has filed an opposition, R. 111, 112 (sealed), to which Defendant replied. R. 114. Apart from R 54 and R 55, these matters are addressed more fully in separate contemporaneous Orders.

[2] As a preliminary matter, the R&R acknowledged the pending motion to strike the declaration of John Parrish, or alternatively for leave to subpoena him for documents and a deposition (R. 82, Page ID#: 2781, fn. 1) The R&R recommended that this motion be denied as moot since the R&R did not rely on the Parrish declaration for purposes of adjudicating the motion for sanctions. *Id.* It also indicated that any further use of the Parrish declaration is beyond the scope of the current referral and would not be precluded by the R&R. *Id*.

sanctions be imposed for such discovery violation. *Id*., Page ID#: 2812. Finally, the R&R found that there was insufficient evidence to establish that Defendant had improperly manipulated an image to materially alter the Court's perception of it. *Id*., Page ID#: 2812. In particular, the R&R found that Plaintiff failed to respond to Defendant's argument that the entire document was later disclosed to the Court or to contest the point that the belated disclosure of the full document had remedied any earlier violation. *Id*., Page ID#: 2813. Thus, the R&R recommended that sanctions not be imposed on this ground. *Id*.

The R&R agreed with Defendant that certain sanctions were not warranted, such as: striking Defendant's statute of limitations defense, excluding the expert report of Dr. Thomas Edgar, and prohibiting Defendant from presenting any evidence regarding Plaintiff's constructive knowledge of Syrinx's technical development. Id., Page ID#: 2814. However, the R&R did recommend limited reopening of fact discovery by: (1) ordering Defendant to conduct a search of Human Resource files for the "Missing Confidentiality Agreements;" (2) allowing Plaintiff to conduct depositions related to the search of the Human Resource files; and (3) allowing Plaintiff to conduct a 30(b)(6) deposition on the "recently produced Missing Confidential Policies." *Id.*

The R&R also noted that while there was authority for requiring Defendant to pay Plaintiff's fees and expenses, including attorney fees, associated with the additional discovery, the R&R declined to make such a recommendation, finding the "recommended discovery…would have occurred anyway had Defendant timely produced the Missing Confidentiality Policies and adhered to its discovery obligations….", *Id*., Page ID#: 2814-15. The R&R, however, recommended that "the Court impose as sanctions [on Defendant] the reasonable attorney fees and costs associated with filing and briefing of the pending Motion for

3

Sanctions." *Id.*, Page ID#: 2815.

Plaintiff's objection

Plaintiff raises a single objection to the R&R. R. 84, Page ID#: 2820. In general, Plaintiff "agrees with the Magistrate Judge's analysis, as well as the conclusion that Defendant … should be sanctioned for its willful and bad faith discovery abuses." R. 84, Page ID#: 2820-21. But ControlSoft objects to "the lenient sanctions against Dow." *Id.*, Page ID#: 2821. In that regard, Plaintiff contends: (a) the recommended sanctions are insufficient to address the harm inflicted, (*id.* Page ID#: 2822-23); (b) the attorneys-fee sanction is insufficient to remedy the prejudice caused by additional fact discovery (*id*, Page ID#: 2822-232); (c) the "wide disparity between the Parties' financial resources" makes the supplemental discovery more burdensome to ControlSoft than Dow (*id.*, Page ID#: 2823-24); and (d) the recommended supplemental discovery is an insufficient sanction to facilitate Defendant's good faith participation. *Id.*, Page ID#: 2824.

Defendant's response notes that more severe sanctions are reserved for egregious, extreme conduct, such as failing to comply with multiple court orders, faking evidence, lying under oath, and intentionally withholding relevant documents – none of which were found here. R. 90, Page ID#: 2881. Moreover, it argues that the harsher sanctions sought by Plaintiff are "completely removed from considerations of the discovery's relevance and proportionality under Rule 26(b)" since the evidence suggests that the signed confidentiality agreements never existed and there is no evidence that Dow's confidentiality policy is relevant. *Id.*, Page ID#: 2882.

Defendant's objections

Defendant Dow Chemical Company objects to "limited aspects" of the R&R, R. 85,

4

Page ID#: 2827, and asserts that it engaged in "reasonable, good faith efforts" to locate the confidentiality policies and the signed versions of contractor confidentiality agreements. *Id.*, Page ID#: 2836-45. As such, it contends that sanctions are not warranted because there was no bad-faith conduct. *Id.*, Page ID#: 2845-50. Although Defendant acknowledges that the Magistrate Judge conducted a "thorough analysis of the facts in the R&R," *id.*, Page ID#: 2831, it nevertheless "contends that the conclusion that Dow engaged in willful or bad faith conduct is incorrect." *Id.* From this, Dow argues that the recommended sanctions are unwarranted since they rely on a finding of bad faith or willful misconduct. *Id.*, Page ID#; 2845-50.

Plaintiff characterizes Defendant as seeking *de novo* review of the issues considered by the Magistrate Judge and the R&R, R. 92, Page ID#: 2901, when the clear error standard of review is the proper standard for considering non-dispositive R&Rs. *Id.* Moreover, ControlSoft contends that when the objections are no more than a restatement of previously raised arguments in a bid to have the District Court reach a different conclusion, such restated arguments operate as a waiver of *de novo* review. *Id.*, Page ID#: 2902 (citing and quoting *Morrison v. Williams*, 4:19-cv-2676, 2020 WL 6389993, at *3 (N.D. Ohio Nov. 2, 2020) (Lioi, J.).

<u>Standard of Review</u>

"The standard of review in referred cases depends on whether the matter considered by the Magistrate Judge is dispositive or non-dispositive. Objections to dispositive motions are reviewed *de novo*, while non-dispositive motions are reviewed for clear error." *Crangle v. Eppinger,* 2018 WL 1621247, at *1 (N.D. Ohio April 4, 2014) (citing *Baker v. Peterson*, 67 Fed. Appx. 308, 310 (6th Cir. 2003) (citing 28 U.S.C. § 636(b)(1) and Federal Civil Rule 72)). When the motion involved is one for discovery sanctions, as is the case here, it is the nature of

the sanctions imposed by the magistrate judge, rather than the sanctions sought by the movant, that determines if the motion is dispositive or non-dispositive. *Builders Insulation of Tennessee, LLC v. Southern Energy Solutions*, 2020 WL 265297, at \*5 (W.D. Tenn. Jan. 17, 2020) (collecting cases). Specifically, where the sanction imposed or recommended for discovery misconduct is attorneys' fees, such an award or recommendation is not dispositive of any claim or defense and objections to it are reviewed under the "clearly erroneous or contrary to law" standard. *Id*. at \*4 (collecting cases). But where the sanction imposed or recommended is dismissal or preclusion of any claim or defense, objections to the R&R are reviewed *de novo*. *Id*.[3]

Here, the sanctions recommended are an award of attorneys' fees and expenses, as well as limited reopening of discovery. R. 82, Page ID#: 2814-15. Notably, the R&R expressly declined to impose sanctions that could be considered dispositive, such as striking a specific defense and precluding evidence that could be supportive of another defense. *Id*. Thus, because the nature of the recommended sanctions in the R&R is non-dispositive of any claim or defense, the R&R is reviewed for clear error.[4]

<u>Analysis</u>

The Court first considers Plaintiff's objection to the R&R to determine whether it identifies clear error or matters contrary to law. Although Plaintiff contends that the R&R erred

---

[3] Of course, a magistrate judge may directly order certain sanctions for pre-trial discovery violations without filing a report and recommendation, but here the magistrate judge issued the R&R upon referral.

[4] Although the referral was issued by the previously assigned judge, I do not find persuasive Defendant's contention that the nature of the referral requires *de novo* review of non-dispositive issues. *See* R. 85, Page ID#: 2833 (citing and quoting *Baker,* Fed. Appx at 311). Upon this record, *Baker* provides no authority for *de novo* review.

by not imposing more drastic, dispositive sanctions—such as striking Defendant's statute of limitations defense or precluding an expert report or any evidence regarding constructive knowledge of Syrinx's technical development—Plaintiff's objection does not raise any question of clear error, nor does it implicate an error of law. Further, as was previously discussed, had the R&R recommended such dispositive sanctions, it would be subject to *de novo*, thus opening the door for Defendant's arguments seeking reconsideration of the findings regarding Defendant's misconduct—findings that are the foundation for the sanctions recommended.

In short, the Court has considered the R&R and Plaintiff's objection, finds no clear error and finds it consistent with governing law. The Court overrules the objection, and agrees with the Magistrate Judge, who thoroughly and properly considered the pertinent factual and legal issues to recommend a reasonable and appropriate disposition.

Turning to Defendant's objections, they all depend on conducting a *de novo* review of the R&R's factual finding that it acted willfully or in bad faith regarding the alleged discovery violations. *See* R. 85, Page ID#: 2831 ("Dow respectfully contends that that the conclusion that Dow engaged on willful or bad faith behavior *is incorrect* … [and that is] [t]he *primary issue* before the Court in these objections.") (emphasis added). Because Dow seeks to have this Court *de novo* re-examine the underlying factual issues to reach a different conclusion, it is bypassing the relevant standard of review.

Put simply, a magistrate judge's factual findings cannot be set aside as clearly erroneous just because, on the same evidence, a district court may have decided things differently. *See Barrio Bros., LLC, et al v. Revolucion, LLC., et al.* 2021 WL 2463844, at *1 (N.D. Ohio June 17, 2021) (citing and quoting *Burghardt v. Ryan*, 2020 WL 4350049, at *2 (N.D. Ohio July 29, 2020) (Under the clearly erroneous standard, "[a] court may not overturn [a Report and

7

Recommendation's factual finding] just because, if it were the original factfinder, it would have decided the evidence differently."). Rather, under that standard of review, if there are two plausible views of the matter, then the R&R's findings cannot be clearly erroneous. *Id.*

Here, the Court finds the R&R's factual findings to be thorough and fully supported in the record. As such, upon review under the "clearly erroneous" standard, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 2006 WL 456479, at *1 (N.D. Ohio Feb. 24, 2006)).

Therefore, Defendant's objections, R. 85, are overruled for the reasons stated.

<u>Motion to Unseal</u>

Plaintiff has moved the Court to unseal or alternatively to redact the Report and Recommendation (R&R). R. 83. Defendant has opposed the motion (R. 89).

Plaintiff's motion is grounded on the long-standing presumption that judicial proceedings and documents should be accessible to the public, especially judicial opinions. R. 83, Page ID#: 2817. Plaintiff asserts that this presumption of disclosure can be defeated only by the most compelling reasons, which reasons need to be demonstrated by the party opposing disclosure. *Id.*, Page ID#: 2817. Plaintiff further contends that there is no compelling reason for the R&R to remain sealed since it does not of itself contain any confidential or proprietary information of Defendant. *Id.* Finally, and in the alternative, Plaintiff argues that if Defendant does put forward a compelling reason to keep any portion of the R&R under seal, the Court should order the parties to jointly propose redactions to the R&R, which would then form the basis for issuing a second redacted and unsealed R&R. *Id.*, Page ID#; 2828.

Defendant asserts that the R&R was filed under seal, as were the respective objections and responses of the parties. R. 89, Page ID#: 2873. It further submits that the R&R, as well as

8

the parties' objections thereto, contains confidential Dow information that has been previously designated as Attorneys' Eyes Only pursuant to the protective order entered as R. 26. *Id.*, Page ID#: 2874. Defendant, consistent with Plaintiff's suggestion, suggests that the Court should order the parties to meet and confer with the goal of jointly submitting redactions to the R&R, the parties' objections and responses, and to the Court's Order regarding the R&R. *Id.*

The Court finds merit in the parties' positions and DENIES the motion (R. 83) to unseal but GRANTS IN PART Plaintiff's motion to redact and reissue (R. 83) as modified herein. The Court finds no compelling reason to file this Order under seal, and it ORDERS the parties to meet and confer within 21 days of this Order to arrive at jointly proposed redactions to the R&R and the parties' pertinent filings. Such proposed redactions to then be jointly filed for Court approval within 30 days.

## Conclusion

The Court finds the Sealed R&R to be thorough, well-reasoned and fully supported by the record and case authority. Moreover, the Court finds it to be free of clear error and not contrary to law. Therefore, the R&R (R. 82) is ADOPTED, Plaintiff's objections (R. 84 sealed) are OVERRULED and Defendant's objections (R. 85 sealed) are OVERRULED. Further, in accordance with and as more fully detailed in the R&R, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion for sanctions (R. 48, R. 49), and Defendant is ORDERED:

(1) to conduct a search of its Human Resources files for the "Missing Confidentiality Agreements;"

(2) to allow Plaintiff to conduct reasonable depositions related to the search of the Human Resources files; and

9

(3) to allow Plaintiff to conduct a Rule 30(b)(6) deposition regarding the belatedly produced "Missing Confidentiality Policies."

In addition, Defendant is ORDERED to pay Plaintiff's reasonable attorney fees and expenses associated with the filing and briefing of the motion for sanctions. The parties shall file a joint status report within 30 days of this Order confirming that they have an agreement regarding the amount, schedule, and method for payment of these fees and expenses, or they shall succinctly set forth each side's disputed position (s).

Defendant's motions to strike the declaration of John Parrish or alternatively to subpoena him for documents and a deposition (R. 54, R. 55) are DENIED as MOOT, as explained *supra*.

Finally, Plaintiff's motion to unseal the R&R or, alternatively, to redact and reissue it (R. 83), the Court DENIES the motion to the extent it moves to unseal the R&R (R. 83) but GRANTS IN PART Plaintiff's motion to redact and reissue the R&R (R. 83) as modified herein, and the parties shall jointly file their proposed redactions to the R&R and their pertinent filings for Court approval, within 30 days.

**IT IS SO ORDERED.**

Date:   March 31, 2026

*David A. Ruiz*
David A. Ruiz
United States District Judge

10